980 F.2d 742
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Felimon I. PASANA, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 92-3329
 United States Court of Appeals, Federal Circuit.
 Oct. 9, 1992.
 
 Before PAULINE NEWMAN, Circuit Judge, SKELTON, Senior Circuit Judge, and LOURIE, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Felimon I. Pasana petitions for judicial review of the October 23, 1991 decision of the Administrative Judge (AJ), Docket No. SE0831910512I1, dismissing his appeal as having been filed untimely without good cause. The AJ's decision became the final decision of the Merit Systems Protection Board when the Board denied review on February 7, 1992. We affirm.
 
 DISCUSSION
 
 2
 On November 16, 1990, the Office of Personnel Management (OPM) denied Pasana's request for reconsideration of its denial of his application for a retirement annuity. OPM advised Pasana of his appeal rights and specifically notified him of the 25-day time limit provided under 5 C.F.R. § 1201.22(b) for filing an appeal to the Board. On July 23, 1991, approximately eight months later, Pasana appealed OPM's reconsideration decision to the Board.
 
 
 3
 On August 8, 1991, the AJ issued an Acknowledgement Order advising Pasana that his appeal appeared to have been untimely filed and ordering him to show either that his appeal was timely filed or that good cause existed for the delay. Pasana's only submission following the AJ's order did not address the issue of timeliness. The AJ determined that Pasana failed to establish good cause to waive the time limit and dismissed the appeal.
 
 
 4
 "[W]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc). "On appeal, we will disturb the ... denial of such a waiver only if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Id.; 5 U.S.C. § 7703(c).
 
 
 5
 Pasana has not presented any argument in this court concerning how the Board erred in dismissing his appeal as untimely filed. Instead he argues the merits of his case by attempting to explain why he should receive an annuity. We, however, cannot consider arguments regarding his entitlement to retirement benefits. The merits of the case were not before the Board and our authority is limited to a review of the Board's decision. Rowe v. Merit Sys. Protection Bd., 802 F.2d 434, 437 (Fed.Cir.1986).
 
 
 6
 Upon review of the entire record, we agree with the Board that Pasana failed to show good cause for the delay in filing his appeal. We thus conclude that the Board's decision to dismiss Pasana's appeal as untimely filed, based upon its refusal to waive the time limit, is not arbitrary, capricious, or an abuse of discretion, and is in accordance with law. Accordingly, the decision of the Board is affirmed.